## JOSEPH P. MERRYMAN *vs.* JOHN EULER.

*Attorney and Client.*

Where the relation of attorney and client exists, the law makes a presumption against the attorney and in favor of the client. In such cases the *onus* is on the attorney to prove the entire *bona fides* of any transaction between them.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, YELLOTT, STONE, ALVEY, IRVING, and RITCHIE, J.

*Orlando F. Bump,* for the appellant.

*William J. O'Brien,* for the appellee.

IRVING, J., delivered the opinion of the Court.

Upon the application of "The President and Directors of the German Fire Insurance Company of Baltimore," who held the first mortgage on the property, with assent therein to a decree, the Circuit Court for Baltimore City passed a decree against Henry Otto, the mortgagor, for the sale of the mortgaged property, and had appointed Lewis H. Robinson trustee to sell the same. It appears, that the appellee, John Euler, had the second mortgage on the property, and employed the appellant to look after his rights to the surplus proceeds, after paying the first mortgage. The property was sold, and the sale reported and ratified. Appellant filed a petition in Euler's name,

asking that he be made a party defendant, and that the surplus proceeds, after paying the first mortgage, might be awarded to him. He was made a defendant by order of Court. Appellant then filed Euler's claim with the interest which had accrued added.

Subsequently the appellant filed a petition in his own name, setting up an assignment from John Euler for one-half of any sum that might be awarded Euler in the case. That agreement was dated the 25th of November, 1881, (the same day on which the sale took place), and was an assignment under seal. To the allowance of this claim on the part of the appellant, the appellee objected, and filed a petition asking its disallowance: 1st. "Because the same was procured from him when he was in a condition making him unconscious of what he was doing or the effect thereof." 2nd. "Because the only professional labor performed by Merryman in the case was filing the claim of the appellee; and that the said Merryman had no right to any allowance out of the funds in the trustee's hands." The Court ordered testimony to be taken, upon which two audits were stated, one allowing, and the other disallowing the claim of the appellant.

The Court upon the proof rejected the account allowing the assignment to Merryman, and ratified the account which disallowed it. Before finally ratifying either, however, the Court offered to direct the allowance of fifty dollars for appellant's services and no more, and to have that put into the account it would ratify. This was refused by the appellant, who appealed from the order of the Court ratifying the account which excluded his claim.

The Court said: "The relation of counsel and client is a fiduciary one, requiring the Court to scrutinize any contract between them, and upholds only such an one as is apparently reasonable and fair. The real labor in this case was performed by Mr. Robinson, the trustee, who has been allowed a fee of one hundred and fifty dollars for his

services. If Mr. Merryman will take a fee of fifty dollars for his compensation, I will ratify an account making him that allowance."

Upon an examination of all the evidence in the case, we think that the Court not only took the right view of the law, but also offered Mr. Merryman all that could possibly be asked under the circumstances. There was some difficulty in respect to the title that was to be sold, because of the extinction of the leases upon the property, which required some negotiation to perfect the same. This duty, it seems, devolved on the trustee to sell, and the Court says he performed nearly the whole service rendered the parties, and ordered him paid accordingly from the proceeds of sale. It is not necessary to go more minutely into the facts. It is immaterial whether the appellee was drunk when the assignment was made or not; for it was abundantly clear that the relation of client and attorney existed; and, under such circumstances, the law makes a presumption against the attorney and in favor of the client. In such case the *onus* is on the attorney to prove the entire *bona fides* and fairness of the transaction, which he has failed to establish to the satisfaction of the Court below or to us.

In *Walmesley vs. Booth,* 2 *Atkyns,* 27, Lord HARDWICKE says: "There is a strong alliance between an attorney and his client, and a great obligation upon the attorney to take care of his client's interest; and the Court will relieve a client against the extortion of an attorney." In that case the client was plaintiff asking relief, and, as he consented that the bond should be regarded as security for what was actually due, the Court said he would allow it to be so. In *Newman vs. Payne,* 2 *Ves. Jr.,* 200, the Chancellor lays down the same rule, and adverts to the fact that, in *Walmesley vs. Booth,* the bond was allowed to stand as security for the actual amount due, *only because the plaintiff consented to it.*

Merryman *vs.* Euler.

All the authorities concur that the highest degree of fairness and of good faith is required from an attorney towards his client, and all their dealings will be closely scrutinized, and no contract between them will be upheld where any undue consequences result to the attorney. *Weeks on Attorneys-at-Law*, 441, 450, and 451; *Story, Eq. Jur., secs.* 312*a*, 312*b*, 312*c*, and authorities there collated; and *Kerr on Fraud and Mistake*, 151, 161, 163, 168. The attorney is supposed to have an ascendancy over the client, because of his relation to him, and can easily impose on his credulity; therefore, transactions, which would be open to no objection where no such relation exists, will be held invalid as against a client. It is a rule of public policy. *Gray, et al. vs. Emmons, et al.*, 7 *Mich.*, 533; *Brown vs. Bulkely*, 1 *McCarter Chy.*, 14 *N. J.*, 451. In the last cited case the learned Chancellor GREEN said, when a security is taken by an attorney from a client as compensation for his services, the presumption is that it is unfair, and the *onus* of proving it fair is on the attorney. In that case the Court held, that the transfer would not be wholly set aside, but would be held as security for what was actually the attorney's due. Conceding, without so deciding, that, in this case, the appellant was entitled to have the assignment to him so treated, he has no ground of complaint, for the Court offered to so treat it by allowing him in the accounts fifty dollars for his services, which he declined, preferring to stand on what he regarded as an assignment the Court could not disregard. The Court needed no further proof on the subject, and no request was made to allow more. The order of the Court must be affirmed.

*Order affirmed.*

(Decided 8th March, 1883.)